IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO


IN RE

ISMAEL VEGUILLA NAVARRO                CASE NUMBER 13-03701-ESL
                                       CHAPTER 13
Debtor

_____

TRUSTEE'S OBJECTION TO DEBTORS CLAIM FOR EXEMPTION

TO THE HONORABLE COURT:

COMES NOW, Alejandro Oliveras Rivera, Standing Chapter 13
Trustee, by and through the undersigned staff attorney and very
respectfully, ALLEGES, STATES and PRAYS:

INTRODUCTION

1.  Pursuant to Federal Bankruptcy Rule 4003(b), the
trustee is hereto objecting to debtor(s) claim for exemptions as
set forth below. In so objecting, the trustee has considered the
value of the properties subject of exemption as well as the
liens on this property[1].

2.  The meeting of creditors was held on June 10, 2013.

TRUSTEE'S OBJECTION OVER CLAIM FOR EXEMPTION UNDER

PRLA 31 §§ 385(a), 1851 – 1857


3. The captioned Debtor(s) listed in amended Schedule A the
estate property that is described as follows:

---

[1] The amount of the debts secured by the properties in question was obtained from the
proof of claim, if one was filed, or, in its absence, from the scheduled amount.

CASE NUMBER 13-03701-ESL
Objection to Exemptions
Page 2 of 4

**"Residential property located at Urb. Bunker, 28 Costa Rica St.,
Caguas, Puerto Rico. This property consists of two (2) levels:
1st level: three (3) bedrooms, one (1) bathroom, living room,
kitchen. Apartment (studio) one (1) bedroom, one (1) bathroom,
kitchen. 2nd level: three (3) bedrooms, two (2) bathrooms, living room,
dining room, kitchen and balcony.**

**Value $90,000.00**

4.   The captioned Debtor claimed Exemption pursuant to PRLA 31 §§ 385(a), 1851 – 1857 in the amount of $ 44,521.00 over the above mentioned property of the estate. (See docket 1)

5.   As grounds for the foregoing objection, the Trustee submits that, on January 25, 2013, Honorable Judge Enrique Lamoutte entered an Opinion and Order regarding the Trustee's Objection to Exemptions claimed under the Puerto Rico Home Protection Act as amended by law 257 of 2012. See 11-09608 (ESL) In Re Viviana Perez Hernandez and related cases.

6.   The Court found that the homestead exemption under the auspices of Puerto Rico law is applicable to bankruptcy proceedings filed within this District. The Court also provided guidance as to the requisites in order for debtors to claim such exemption. The Court ruled that "*Merely claiming the homestead exemption for the very first time in Schedule "C" of a bankruptcy petition, without any degree of specificity as to the description of the residence or express declaration of using the property as a principal residence under penalty of criminal sanctions, does not meet the requirements established in the*

CASE NUMBER 13-03701-ESL
Objection to Exemptions
Page 3 of 4

*2011 PR Home Protection Act in accordance to the 2011 PR Home
Protection Act".*

7.    Debtor testified at the meeting of creditors that the
above described property is not used as his principal residence
in turn the same is being rented.  Since the homestead exemption
afforded pursuant to PRLA 31 §§ 385(a), 1851 – 1857 applies only
to debtor's principal residence there are unable to claim this
exemption and as such should be disallowed.

8.    Thus, for the aforementioned reasons the Trustee
objects to debtor's claim for exemptions and submits that debtor
has not met the requirements set by the Opinion (mentioned at
paragraph 6) for claiming the above referenced Homestead
exemption.

9.    Debtor(s) is/are not a member of the U.S. Armed
Forces, the Coast Guard, the Public Health Service or the
National Oceanic and Atmospheric Administration, as evidenced by
the Certificate issued by the U.S. Department of Defense, copy
of which is attached only to the original of this motion and
movant's copy.

**WHEREFORE**, it is respectfully requested from this Honorable
Court to take notice of the above and that an order be entered
denying the debtor (s) claim for exemption(s) as set out above.

CASE NUMBER 13-03701-ESL
Objection to Exemptions
Page 4 of 4

## NOTICE

Within **fourteen (14) days** after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the clerk's office of the United States Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the court, the interest of justice requires otherwise.

**CERTIFICATE OF SERVICE:** I hereby certify that on this same date I electronically filed the above document with the Clerk of the Court using the CM/ECF System which sends a notification of such filing to all parties in this case registered for receipt of notice by electronic mail. I further certify that the foregoing document has been served to the U.S. Trustee at ustregion21.hr.ecf@usdoj.gov and by depositing true and correct copies thereof in the United States Mail, postage prepaid, to debtor(s) at the address of record.

In San Juan, Puerto Rico, this 18th day of June, 2013.

**ALEJANDRO OLIVERAS RIVERA**
**CHAPTER 13 TRUSTEE**
P.O. Box 9024062
San Juan, PR 00902-4062
Tel. 977-3500  Fax 977-3521
aorecf@ch13sju.com

By: **/s/MICHELLE M. VEGA RIVERA**
MICHELLE M. VEGA RIVERA
Staff Attorney
USDC-PR # 228212

Department of Defense Manpower Data Center



**Status Report**
**Pursuant to Servicemembers Civil Relief Act**

SCRA 3.0

Last Name: <u>VEGUILLA NAVARRO</u>

First Name: <u>ISMAEL</u>

Middle Name:

Active Duty Status As Of: <u>Jun-18-2013</u>

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL: http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: 73XFK863G0CEE50