IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                CASE NO. 13-03701 (ESL)

ISMAEL VEGUILLA NAVARRO                               CHAPTER 13
    Debtor

OPINION AND ORDER

This case is before the court upon the *Objection to Debtor[']s Claim for Exemption* (Docket No. 11) filed by the Chapter 13 Trustee and the Debtor's *Reply* thereto (Docket No. 13). The Chapter 13 Trustee sustains that a residential property that is being partially leased is not entitled to the homestead exemption afforded in Puerto Rico's Home Protection Act No. 195 enacted on September 13, 2011 (in Spanish titled "Ley del Derecho a la Protección del Hogar Principal y el Hogar Familiar", hereinafter the "2011 PR Home Protection Act"), 31 L.P.R.A. §§ 1858 *et seq*., as amended. For the reasons stated below, the Chapter 13 Trustee's *Objection* is hereby sustained in part and denied in part.

Procedural Background

The Debtor filed a Chapter 13 bankruptcy petition on May 7, 2013 (Docket No. 1). He claimed a homestead exemption in the amount of $44,521.00 under the 2011 PR Home Protection Act over his principal residence located at 28 Costa Rica Bunker in Caguas, Puerto Rico, in *Schedule C* (Docket No. 1, p. 24). The 341 meeting of creditors was held and closed on June 10, 2013 (Docket No. 9).

On June 18, 2013, the Chapter 13 Trustee filed the *Objection to Debtor[']s Claim for Exemption* (Docket No. 11) averring that the Debtor had acknowledged at the 341 meeting that he rented part of his principal residence, which makes the homestead exemption inapplicable under the 2011 PR Home Protection Act.

On July 3, 2013, the Debtor filed an *Unsworn Declaration Under Penalty of Perjury* (Docket No. 12) stating that he rents a studio apartment of one bedroom and one bathroom in his principal residence for $350.00 per month. Also on July 3, 2013, the Debtor filed a *Reply to*

-1-

*Trustee's Objection to Exemption* (Docket No. 103) sustaining that his *Unsworn Declaration* cured the issues raised by the Chapter 13 Trustee.

On August 2, 2013, the Chapter 13 Trustee filed a *Sur-Reply of "Debtor's Reply to Trustee's Objection to Exemption"* arguing that Article 3 of the 2011 PR Home Protection Act requires that the residential property over which the homestead exemption is claimed must be occupied by "him/her or his/her family exclusively as a principal residence" and that the term "exclusively" limits "the possession, control or use by a single individual or group … excluding others from participation" (Docket No. 20, p. 3, ¶¶ 6-7). Hence, the Chapter 13 Trustee concludes that the Debtor "is not eligible for homestead protection, as it is uncontested that the structure is not used exclusively as debtor's principal residence, since he uses part of the structure to rent out an apartment" (Docket No. 20, p. 4, ¶ 10).

On September 26, 2013, the Debtor filed a *Reply to Trustee's Sur-Reply* claiming that Article 7 of the 2011 PR Home Protection Act allows the debtor to "rent his principal residence and still be protected by the Puerto Rico Homestead Act, if said property is still his principal residence and any other property where he may reside will not constitute his 'principal residence'" (Docket No. 22, p. 3, ¶ 15). He further contends that the word "exclusively is used to state that the residence protected by [2011 PR Home Protection Act] is the one that is occupied by the individual only as his principal residence and not as his secondary residence" (Docket No. 22, p. 3, ¶ 19). In addition, the Debtor sustains that Puerto Rico case law requires exemption statutes to be liberally interpreted.

On October 9, 2013, the court held a confirmation hearing where the parties argued the homestead exemption issue. The court determined that the critical issue is whether or not partially renting the Debtor's principal residence disqualifies the Debtor from claiming the exemption. The matter was taken under advisement and the confirmation hearing was continued without a date. See Docket Nos. 25 (*Audio File*) and 26 (*Minute Entry*).

On October 18, 2013, the Chapter 13 Trustee filed a *Supplement … Sur Reply to "Debtor's Reply to Trustee's Objection to Exemptions"* (Docket No. 29) contending that the

-2-

facts of the instant case do not fall within the scenario contemplated in Article 7 of the 2011 PR Home Protection Act. In addition, the Chapter 13 Trustee argues that in In re Picci, 448 B.R. 870 (B.A.P. 1st Cir. 2011), the Bankruptcy Appellate Panel for the First Circuit ruled that a property that a debtor uses as his residence but partially rents is not considered his/her "principal residence" as per the Bankruptcy Code's definition provided 11 U.S.C. § 101(13A).

On October 28, 2013, the Debtor filed a *Reply … to Trustee's Sur-Reply* indicating that "[t]he undisputed facts in the present contested matter show that the debtor is living his property and has not temporarily moved for any reason, thus, Article 7 is inapplicable to the facts at bar" (Docket No. 30, p. 2, ¶ 4). The Debtor further argues that the right to homestead afforded in the 2011 PR Home Protection Act is an *in rem* right (Docket No. 30, pp. 2-3, ¶ 6). In addition, the Debtor contends that this court "is obligated to apply state law on this issue and the Bankruptcy Courts' interpretation of the term 'exclusively principal residence' as applied to other issues pertaining to Federal law, is irrelevant to this contested matter" (Docket No. 30, p. 5, ¶ 15).

### Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B).

### Applicable Law and Analysis

Section 522 of the Bankruptcy Code governs the claims for exemptions. Section 522(b)(2)(3)(A) allows a debtor in bankruptcy to choose between exemptions afforded by federal law or those afforded by state law (if the state has not opted-out of that option, and Puerto Rico[1] has not). See In re Pérez-Hernández, 473 B.R. 496, 499-500 (Bankr. D.P.R. 2012), reconsidered on other grounds at 487 B.R. 353 (Bankr. D.P.R. 2013). In the instant case, the Debtor elected the Puerto Rico exemptions scheme. See Docket No. 1, p. 24. Hence, Puerto Rico law is dispositive. See Shamban v. Perry (In re Perry), 357 B.R. 175, 178 (B.A.P. 1st Cir. 2006) (when a debtor chooses the state's exemption scheme under 11 U.S.C. § 522(b),

---

[1] See 11 U.S.C. § 101(52) (defining Puerto Rico as a "state" for bankruptcy purposes except for defining who may be a debtor under Chapter 9 of the Bankruptcy Code).

the validity of the declaration of homestead on a real property as of the bankruptcy petition is governed by state law).

It is uncontested that as of petition date[2], the Debtor rented a studio apartment consisting of one bedroom and one bathroom for $350.00 per month located in his principal residence while he still resides in it. See Docket No. 12. That is, the Debtor has not relocated to another residence in or outside Puerto Rico.

Article 3 of the 2011 PR Home Protection Act establishes the general right to homestead in Puerto Rico as follows:

**Homestead right**

Every individual or head of family residing in Puerto Rico shall be entitled to own and enjoy, under the homestead right concept, a parcel and the structure located thereon, or a residence under the regime established in the Condominiums Act, which belongs to him/her or which he/she lawfully owns, and occupied by him/her or his/her family exclusively as a principal residence.

For the purposes of this Act, the term domicile shall be defined as provided in Article 11 of the Political Code of 1902, as amended. 31 L.P.R.A. § 1858.

Article 7 of the 2011 PR Home Protection Act governs the scenario where the homesteader leases his/her residence:

**Homestead protection in case of leasing**

As long as the protected homestead beneficiary is alive, the temporary lease of the home which, for work or study reasons, military or diplomatic services, or due to the illness of any member of his/her family up to the third degree of consanguinity or affinity **that compels the individual or his/her family to temporarily relocate to another residence in or outside Puerto Rico**, shall not terminate the estate of homestead, unless another property is acquired and such property becomes the

---

[2] Section 522(b)(3) of the Bankruptcy Code provides that exemptions on property, afforded by either federal or state law, are applicable as of "date of the filing of the petition". Also see In re Pérez Hernández, 487 B.R. at 364 ("the Bankruptcy Code provides that exemptions on property, afforded by either federal or state law, are applicable as of date of the filing of the petition"); In re Ellis, 446 B.R. 22, 24 (Bankr. D. Mass. 2011) ("[r]ights to exemptions are fixed as of the date of the petition"); In re Andris, 471 B.R. 761, 763 (Bankr. D. Mass. 2012) ("exemptions are fixed as of the date of the petition"); Pasquina v. Cunningham (In re Cunningham), 354 B.R. 547, 553 (D. Mass. 2006) ("It is hornbook bankruptcy law that a debtor's exemptions are determined as of the time of the filing of his petition."); In re Peterson, 897 F.2d 935, 937 (8th Cir. 1990) (the court must "focus only on the law and facts as they exist on the date of filing the petition.").

beneficiary's principal residence in Puerto Rico or in another jurisdiction.   31 L.P.R.A. § 1858d (emphasis added).

Article 7 of the 2011 PR Home Protection Act applies to instances in which the homesteader is compelled to physically relocate to another residence for the reasons stated therein.  Article 7 does not address when a person partially rents his/her residence while he/she still resides in it, which is the particular situation in the instant case.  Article 7 of the 2011 PR Home Protection Act does not have a previous counterpart in Puerto Rico's Homestead Act No. 87 of May 13, 1936, 31 L.P.R.A. §§ 1851-1857 (the "PR Homestead Act of 1936"), which repealed the prior homestead law of 1903 that had formerly been incorporated into Articles 541-544 of the Civil Code of Puerto Rico[3].  This court is not aware of any Puerto Rico case law interpreting or applying Article 7.  In absence of such interpretation by the Puerto Rico courts, the court proceeds to review case law in Texas and Florida because the 2011 PR Home Protection Act was based on the homestead acts of those two states.  See the *Statement of Motives* of the 2011 PR Home Protection Act.  Also see *e.g.* Llorens v. Arribas, 184 D.P.R. 32, 51-52 (2011), and D.A.Co. v. Alturas Fl. Dev. Corp., 132 D.P.R. 905, 915 (1993) (both cases analyzing Delaware case law to interpret Puerto Rico's Corporations Act, which stems from Delaware's Corporations Act).

In Texas, property claimed as a family homestead must "be used for the purposes of a home, or as both an urban home and a place to exercise a calling or business, of the homestead claimant."  Tex. Const. Art. XVI, § 51.  Moreover, "any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired; provided further that a release or refinance of an existing lien against a homestead as to a part of the homestead does not create an additional burden on the part of the homestead property that is unreleased or subject to the refinance, and a new lien is not invalid only for that reason."  Id. Also see Thomas v. Graham Mortg. Corp., 408 S.W.3d 581, 589 (Tex. App. Austin 2013) ("Even the temporary renting of the homestead does not change the homestead character of the

---

[3] See Rodríguez Ramos v. Pérez Santiago, 161 D.P.R. 637, 647 (2004) (discussing the historic framework of the homestead act in Puerto Rico).

property, when no other homestead has been established. Rather, evidence establishing abandonment of a homestead 'must be undeniably clear' and show 'beyond almost the shadow, at least of all reasonable ground of dispute, that there has been a total abandonment with an intention not to return and claim the exemption.' That is, it must be clear that there has been a discontinuance of the use of the property coupled with an intention not to use it as a homestead again.")

In Florida, Section 4(a)(1) of Article X of the Florida Constitution exempts the following property from forced sale under process of any court except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty:

> (1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family. Fla. Const. Art. X, § 4(1).

The foregoing provision was adopted in 1968. See In re Nofsinger, 221 B.R. 1018, 1020 (Bankr. S.D. Fla. 1998). Prior to 1968, the Florida Constitution provided for a more broad homestead exemption: "the exemption herein provided for in a city or town shall not extend to more improvements or buildings than the residence and business house of the owner." Fla. Const. Art. X, § 1 (1885), amended by Fla. Const. Art. X, § 4(a)(1) (1968). Several Florida Courts have interpreted the 1968 amendment to the constitutional provision as the Florida Legislature's unequivocal intent to limit homestead exemptions to the residence of the owner. See In re Wierschem, 152 B.R. 345, 348 (Bankr. M.D. Fla. 1993); In re Aliotta, 68 B.R. 281, 282 (Bankr. M. D. Fla. 1986); First Leasing & Funding of Fla., Inc. V. Fiedler, 591 So. 2d 1152, 1153 (Fla. Dist. Ct. App. 1992).

Florida courts have consistently held that a partially rented property cannot be totally exempted as homestead. See In re Wilson, 393 B.R. 778, 783 (Bankr. S.D. Fla. 2008) (finding that the debtor is entitled to a homestead exemption for the portion of the building that functions

-6-

solely as his residence, that is, the apartment on the second floor of the building, and not the first floor of the building that was used as an adult entertainment club); In re Nofsinger, 221 B.R. at 1021 ("the homestead exemption only extends to that portion of the property which a debtor uses as his residence and cannot include any portion which is rented to and occupied by a third party or used by the third party as his own business"); Shillinglaw v. Lawson, 88 B.R. 406 (S.D. Fla. 1988) (affirming the bankruptcy court's decision and finding that the Florida constitutional homestead provision did not apply to the portion of the debtor's property leased to third persons to use as their own business); In re Pietrunti, 207 B.R. 18 (Bankr. M.D. Fla. 1997) (limiting a debtors' homestead exemption to debtor's actual residence and finding that the debtors had abandoned their homestead by leasing seventy-five percent of the property to a third party); In re Wierschem, 152 B.R. 345 (Bankr. M.D. Fla. 1993) (disallowing a homestead exemption when the property was used predominantly for rental purposes and allowing trustee to sell the property and apportion the proceeds); In re Rodriguez, 55 B.R. 519 (Bankr. S.D. Fla. 1985) (finding contiguous real property leased to and occupied by a third party as nonexempt). Furthermore, in Englander v. Mills (In re Englander), 95 F.3d 1028 (11th Cir. 1996), cert. denied 520 U.S. 1186 (1997)[4], the Court of Appeals for the Eleventh Circuit held that when homestead status is denied to a portion of a piece of property, and the property is not divisible, the trustee may sell the whole property and the court will apportion the proceeds, after satisfying any mortgage or other liens of record and paying the ordinary and necessary costs and expenses of sale and closing, between the estate and the debtor. In re Englander, 95 F.3d at 1032, citing In re Wierschem, 152 B.R. at 347 (holding that rural property that exceeded the residency limitation); In re Baxt, 188 B.R. 322, 323-324 (Bankr. S.D. Fla. 1995) (finding the sale of an indivisible 2.5 acre urban lot and apportionment of the proceeds thereof appropriate). The

---

[4] Prior to this decision, several cases in Florida allowed homestead exemptions in entire parcels of property that contained rental portions where the property was unable to be partitioned and sold due to existing zoning laws. See In re Makarewicz, 126 B.R. 127 (Bankr. S.D. Fla. 1991), rehearing denied 130 B.R. 620 (Bankr. S.D. Fla. 1991) (municipal homestead property used for rental purposes entitled to exemption because, although it was susceptible to division, it was not lawfully saleable under existing zoning laws); In re Kuver, 70 B.R. 190 (Bankr. S.D. Fla. 1986) (allowing municipal homestead property as entirely exempt despite fact that portion was rented to a third party, because property was not lawfully saleable under existing zoning laws).

Englander Court reasoned that a sale of the entire property and apportionment of the proceeds is an equitable solution, allows for an appropriate recognition of the debtor's homestead exemption, and will afford the creditors satisfaction of their rightful claims.  In re Englander, 95 F.3d at 1032.

Although both Texas and Florida provide complete exemptions for homestead, as afforded in the 2011 PR Home Protection Act, Texas expressly allows the homestead to be "used for the purposes of a home, **or as both an urban home and a place to exercise a calling or business**, of the homestead claimant."  Tex. Const. Art. XVI, § 51 (emphasis added).  That is not the case in Puerto Rico, where the property claimed as exempt must be "occupied … exclusively as a principal residence".  Article 3 of the 2011 PR Home Protection Act.  This court finds Florida case law more applicable to the 2011 PR Home Protection Act and therefore adopts it reasoning to the facts of the instant case.  The court thus rules that the homestead exemption afforded in the 2011 PR Home Protection Act only extends to the portion of the property used as the principal residence and cannot include any portion rented to and occupied by third parties and/or used for commercial purposes.  This conclusion comports with Article 3 of the 2011 PR Home Protection Act's requirement that the property be "occupied by [the homesteader] or his/her family exclusively as a principal residence".

Conclusion

In view of the foregoing, the Chapter 13 Trustee's *Objection* is partially sustained as to the fact that a partially rented property cannot be totally claimed as homestead under the 2011 PR Home Protection Act, as amended, and denied on all other grounds.  The Debtor is hereby allowed 30 days to amend his *Schedule C* in accordance with the instant *Opinion and Order*.

SO ORDERED.

In San Juan, Puerto Rico, this 28th day of January, 2014.

Enrique S. Lamoutte
United States Bankruptcy Judge